# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:11-cv-170-RJC

| | |
|---|---|
| **ALFRED L. WILLIAMS, JR.,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **RICHARD TERRY, Supt.,** ) | |
| **Buncombe Correctional Center,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. No. 1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 10, 2006, Petitioner pled guilty and was convicted of possessing a Schedule II narcotic and being a habitual felon. (Doc. No. 1 at 1). The Superior Court of Buncombe County sentenced him to a term of 80-105 months' imprisonment. (Id.). Petitioner did not directly appeal either his convictions or sentence, and he did not seek collateral review under N.C. GEN. STAT. §§ 15A-1411 et seq. Instead, on December 13, 2010, Petitioner filed a Petition for a Writ of Habeas Corpus in the state Court of Appeals arguing that the State used an "unsubstantiated" 1968 conviction to support his habitual felon charge, thereby resulting in an illegal conviction and sentence for that offense; and that his attorney was ineffective for failing to investigate and to challenge the use of the conviction as a predicate for the habitual felon charge.[1] (Doc. No. 1-1 at

---

[1] Petitioner does not deny that he sustained the 1968 conviction in question. Rather, the crux of Petitioner's claims is that in 2010, he filed a motion in state court trying to obtain copies of the documents supporting the 1968 conviction, but was told that the Court no longer had those records. (Doc. No. 1-1 at 13-14). Consequently, Petitioner believes that the State was not entitled to use the 1968 conviction as a predicate conviction because it

10-18). One day later, the Court denied that petition. (Id.). On April 14, 2011, Petitioner filed a Petition for a Writ of Certiorari in the state Supreme Court seeking review of the Court of Appeals's decision, arguing that he was denied his First Amendment right to access the courts by the clerk's entry of the order denying his habeas petition. (Id. at 5-6). However, that petition was dismissed on June 21, 2011. (Id. at 1).

On July 4, 2011,[2] Petitioner filed the instant federal petition alleging that: (1) his counsel's failure to investigate the 1968 conviction subjected him to ineffective assistance of counsel; (2) his habitual felon conviction was unlawfully obtained by use of the unsubstantiated 1968 conviction; and (3) the state appellate courts' failures to hold evidentiary hearings on his claim violated his rights. (Id. at 5-8).

## II. STANDARD OF REVIEW

Rule 4 directs habeas courts to promptly examine habeas petitions. Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id. Following this directive, the Court has reviewed the instant petition and determined that Petitioner's claims are unexhausted. Therefore, the petition must be dismissed without prejudice.

## III. DISCUSSION

Petitioner did not appeal his conviction or sentence to the North Carolina Court of Appeals. Petitioner also failed to petition the trial court for post-conviction review under the state's collateral

---

could not prove the validity of that conviction; and that if his attorney had challenged the matter, counsel would have prevailed and he would not have been convicted or punished as a habitual felon.

[2] Although this Petition was received at the Court and filed by the Clerk on July 11, 2011, such document contains a certification that Petitioner placed it in his Prison's mailing system on July 4, 2011. Therefore, pursuant to the "mail box rule" articulated in Houston v. Lack, 487 U.S. 266 (1988), the Court will treat the Petition as having been filed on July 4, 2011.

review procedures. See N.C. GEN. STAT. §§ 15A-1411, et seq.

Section 2254 provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

(A) the applicant has exhausted the remedies available in the Courts of the State; or

(B) (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant."

28 U.S.C. § 2254(b)(1)(A) and (B). This exhaustion requirement reflects "an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted). In order "[t]o provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal quotation marks and citation omitted). In light of this requirement, a federal court may consider only those issues which were fairly presented to the state court. See Picard, 404 U.S. at 275-76.

In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction to the state Court of Appeals and then petitioning the state Supreme Court for discretionary review, or by filing a state post-conviction proceeding in the trial court division and then petitioning the state Court of Appeals for a writ of certiorari. See N.C. GEN. STAT. §§ 7A-31, 15A-1422. But Petitioner did not seek review of his convictions or sentence pursuant to either of these courses. Moreover, while Petitioner did file a state habeas corpus petition in the Court of Appeals and unsuccessfully sought review of that adverse decision at the Supreme Court, those

proceedings did not exhaust his state judicial remedies on the instant claims. N.C. GEN. STAT. § 17-1[3] permits a prisoner to bring a petition for writ of habeas corpus in state court to test the legality of his detention; however, petitions filed under this provision are limited to questioning whether the sentencing court lacked jurisdiction of the matter or whether the judgment that was imposed is void for lack of jurisdiction, not merely erroneous. See In re Burton, 257 N.C. 534, 539-40 (1962).

In Brown v. North Carolina, the court held that the petitioner failed to exhaust his state remedies. 341 F.2d 87, 88 (4th Cir. 1965). While the petitioner filed a state habeas corpus action, he failed to pursue collateral review in the trial court under the precursor to § 15A-1411 et seq. Id. at 88-89. In Vester v. Stephenson, 465 F. Supp. 868 (E.D.N.C. 1978), the court opined that federal courts would require all habeas corpus petitioners to "avail themselves of North Carolina's post-conviction review process, or demonstrate that they would not be allowed to pursue their claims in [such] proceedings, before deeming the exhaustion requirement met." Id. at 870. Because Petitioner's state habeas corpus proceeding under § 17-1 was limited only to jurisdictional issues, it did not exhaust the claims he brings in this Court.

Petitioner has not alleged that he is unable to return to state court to exhaust his claims. Indeed, his claims can be raised in a properly filed motion for appropriate relief. Petitioner's first claim clearly arises under the Sixth Amendment, and his other two claims can be liberally construed to arise under the Fifth and/or Fourteenth Amendments' due process clauses. See N.C. GEN. STAT. § 15A-1415(b)(3) (permitting a motion for appropriate relief claiming that conviction was obtained in violation of defendant's federal or state constitutional rights to be filed anytime after entry of

---

[3] Under N.C. GEN. STAT. § 17-1, "every person restrained of his liberty is entitled to a remedy to inquire into the lawfulness thereof, and to remove the restraint if unlawful, and that remedy shall not be denied or delayed."

judgment of conviction); Davis v. Savitz, No. 3:07-cv-1703, 2007 WL 2332420 (D.S.C. Aug. 10, 2007) (liberally construing illegal prosecution, conviction and imprisonment claims as due process allegations under Fourth, Fifth and Fourteenth Amendments).

Based upon the foregoing, the Court cannot conclude that Petitioner has exhausted his state judicial remedies. Nor can the Court conclude that there is no state corrective process available to Petitioner, or that there are any circumstances which make that process ineffective to protect his rights. 28 U.S.C. § 2254(b)(1)(B). Ultimately, therefore, Petitioner's non-exhaustion cannot be excused.

## IV. CONCLUSION

Petitioner has failed to exhaust his judicial remedies for any of his claims, and the Court has found no basis for excusing his non-exhaustion. Therefore, the instant petition must be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED that:**

1. Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. No 1) is **DISMISSED**, without prejudice, as unexhausted; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: October 7, 2011

Robert J. Conrad, Jr.
Chief United States District Judge